UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV782 RWS |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Willie Watson for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the amended complaint[1] and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon

---

[1]On May 1, 2013, plaintiff filed a motion to amend his complaint. The Court will grant plaintiff's motion.

which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff brings this action against the State of Missouri, the St. Louis County Police Department and Chris Koster, the Missouri Attorney General. As grounds for filing this case in Federal Court, plaintiff states, "Case of Action: De Facto Theft by Unlawful Takings, Conflict of Interest of the State of Missouri Under Color of Law (Negligence): This Action is Brought Under the Civil Rights Act of 1871 (42 U.S.C.A. Section 1983) Fourteenth Amendment."

In the body of his amended complaint, plaintiff describes a dispute with his loan company over the financing of his 2005 Chevy Uplander.  As background for the allegations concerning what he describes as a "taking" occurring in March of 2013, plaintiff describes an incident that occurred in his driveway involving his vehicle.

Plaintiff claims that two persons showed up in his driveway in December of 2012 with a tow truck and began attempting to tow his Chevy Uplander from his driveway.  Plaintiff asserts that he called the St. Louis County police to the scene, and the police allowed the individuals to take his vehicle, telling plaintiff that it was a "civil matter."  Plaintiff claims that he was told by the agent who took his vehicle that he could get his Uplander back if he would pay $1500. Attached to the amended complaint, and therefore part of the pleading pursuant to Fed.R.Civ.P. 10, is a copy of plaintiff's retail installment contact and security agreement, entered into with Auto Centers of St. Louis and assigned to HSBC Motor Credit.  Also attached to the amended complaint is a copy of the Certificate of Title issued by the State of Missouri wherein the lienholder is listed as HSBC Motor Credit.

The allegations in the complaint concern an alleged "taking" that occurred in March of this year.  Plaintiff alleges that on March 11, 2013 his 2005 Chevy Uplander was taken from the driveway of his home on Castle Drive in St. Louis, Missouri.  He claims he made a police report to a St. Louis County police officer and filed a claim

with his insurance company.  Plaintiff asserts that his insurance company first approved a rental car for his use, but after a day or so they took back the rental car and demanded that he pay for its use.  Plaintiff alleges that the police refused to get involved in the matter and stopped investigating the "disappearance" of his car.[2]  In the body of his complaint, plaintiff states that on "2/20/2013 plaintiff contacted HSBC by certified U.S. Mail Requesting a notarized lien release, 7007 0710 0004 0039 0871 to declare additional proof of ownership."

Plaintiff asserts broadly that the aforementioned conduct of the St. Louis County Police has deprived him of "due process, equal protection under color of law."  He claims that "the State of Missouri is the only entity that reserve the right to remove private property without proper notice, any other entities found are in violations of federal law. . .and are subject to replevin, damages, cost and reasonable attorneys fees."  Plaintiff also claims that the defendants acted in negligence.  He seeks compensatory and punitive damages, as well as injunctive relief.

## Discussion

---

[2]Plaintiff has attached a copy of the police report to the amended complaint, taken by Officer Shelton of St. Louis County Police Department.  Officer Shelton reports that shortly after plaintiff reported to her at his home that his Uplander had been stolen and that he was the owner of the vehicle and "did not make payments on it," she was contacted by the Records Room at the police station and told that they had received tow information letting them know that plaintiff's vehicle had been repossessed by "Scott with United Auto for Standard Consumer USA."

Having carefully reviewed plaintiff's allegations, the Court concludes that this action will be dismissed, pursuant to 28 U.S.C. § 1915.

Although plaintiff asserts that he is bringing this action pursuant to 42 U.S.C. § 1983 for a violation of his civil rights, he has failed to describe an act by a government official that violated his rights. The essential elements of a constitutional claim under § 1983 are (1) that the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009). Although plaintiff believes his motor vehicle was unconstitutionally "taken" from his home, he does not accuse the State of Missouri, St. Louis County or Chris Koster of actually participating in the alleged taking. Rather, he alleges that private actors, or persons related to his lien-holder or their assignees, were involved in the taking of his vehicle from his driveway. Accordingly, he has not stated a constitutional claim under § 1983 against defendants.[3]

---

[3]Even if plaintiff had stated a claim for a "taking," or some other constitutional violation, the State of Missouri is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989). Furthermore, any § 1983 allegations against the St. Louis County Police Department would also fail, as police departments are not suable entities. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992). Last, plaintiff's allegations against Chris Koster, Attorney General of the State of Missouri, sound in respondeat superior, and cannot sustain a cause of action under § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909

Additionally, plaintiff's conclusory allegations are insufficient to support a conspiracy or "due process" claim, however it is styled.  In order to show a civil rights conspiracy the plaintiffs must allege: (1) the defendants conspired, (2) with the intent to deprive them, either directly or indirectly, of equal protection of the laws, or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) that they or their property were injured, or they were deprived of exercising any right or privilege of a citizen of the United States. See Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir.1996).  Plaintiff's broad accusations of a "taking without due process," especially in light of the documents attached to his complaint reflecting the lien agreement his vehicle was subject to, as well as a copy of the police report stating that plaintiff's vehicle had been repossessed as a result of the lien agreement, is simply insufficient to support a conspiracy claim.[4]  Moreover, plaintiff's addition of the Missouri Attorney General, the State of Missouri and the St. Louis

_____

F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).

[4]Plaintiff claims the police report was "inaccurate" and that the police officer did nothing to correct the alleged (and unnamed) innaccuracy.  Even taking plaintiff's assertions as true, his claims against the named defendants do not state a claim under § 1983.

County Police Department, rather than the actual persons who repossessed his vehicle, as defendants in this action, undermines the veracity of his conspiracy theory.[5] See, e.g., Stone v. Baum, 409 F.Supp.2d 1164, 1176 (D.Ariz.2005) (stating that adding judges, prosecutors, and FBI as co-conspirator for failing to investigate at the plaintiffs' request "creates a snowballing effect which ironically threatens to destroy the conspiracy claim by raising questions of factual frivolousness, which exists when the facts alleged rise to the level of the irrational, fanciful, fantastic, delusional, or wholly incredible").

Last, the Court notes that plaintiff has sought a temporary restraining order, "in a simultaneous claim of jurisdiction for due process violations requesting to be heard." As the Court has found that plaintiff has not stated a constitutional violation or properly alleged a cause of action under § 1983 against defendants, his motion for temporary restraining order will be denied. Plaintiff has also filed a motion for replevin seeking to have this Court find that the State of Missouri has waived its right

---

[5]As plaintiff is well aware, in Missouri, when you finance a vehicle, until you make the last payment or pay off the vehicle, the creditor keeps important rights to the vehicle, such as the right to repossession. The rights of each party are governed by the signed contract of sale and state law. Creditors may repossess under the non-judicial process as long as they don't "breach the peace." See Mo.Rev.Stat. § 400.9-609. If plaintiff believes that his creditor/lien-holder breached his rights under the sales contract, his remedy lies in state court, not in federal court, which would lack jurisdiction over such an action.

to sovereign immunity and enter an order of replevin allowing plaintiff to attain his personal property back.  Finding no adequate basis for plaintiff's request, the Court will deny plaintiff's request to do so.  The Court will also dismiss, without prejudice, any state law claims or causes of action that plaintiff has against defendants.  See 28 U.S.C. § 1367(c).

For the aforementioned reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) and will instruct the Clerk not to issue process on the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint [Doc. #7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's motions for temporary restraining order and for replevin [Doc. #4 and #6] are **DENIED**.

**IT IS FURTHER ORDERED** that any state law claims are **DISMISSED**

from this action without prejudice pursuant to 28 U.S.C. § 1367(c).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of May, 2013.

_____

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE