UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV782 RWS |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Before the Court is plaintiff's post-dismissal request to file a second amended complaint.¹ For the following reasons, plaintiff's request will be denied.

## The Dismissal of the Amended Complaint

On April 24, 2013, plaintiff filed this action against the State of Missouri, the St. Louis County Police Department and Chris Koster, the Missouri Attorney General. As grounds for filing this case in Federal Court, plaintiff stated, "Case of Action: De Facto Theft by Unlawful Takings, Conflict of Interest of the State of

---

¹On May 13, 2013, ten (10) days after the dismissal of this action, plaintiff filed an amended complaint without filing an accompanying motion for leave to file an amended complaint. Because plaintiff is proceeding pro se in this action, the Court will presume plaintiff is seeking leave of Court to amend his action, as is proper under the Federal Rules of Civil Procedure after dismissal for failure to state a claim.

Missouri Under Color of Law (Negligence): This Action is Brought Under the Civil Rights Act of 1871 (42 U.S.C.A. Section 1983) Fourteenth Amendment."

In the body of his amended complaint, filed on May 3, 2013, plaintiff described a dispute with his loan company over the financing of his 2005 Chevy Uplander. As background for the allegations concerning what he described as a "taking" occurring in March of 2013, plaintiff described an incident that occurred in his driveway involving his vehicle. In short, plaintiff claimed that two persons showed up in his driveway in December of 2012 with a tow truck and began attempting to tow his Chevy Uplander from his driveway. Plaintiff asserted that he called the St. Louis County police to the scene, and the police allowed the individuals to take his vehicle, telling plaintiff that it was a "civil matter." Plaintiff claims that he was told by the agent who took his vehicle that he could get his Uplander back if he would pay $1500.

The allegations in the amended complaint concerned an alleged "taking" that occurred in March of this year. Plaintiff alleged that on March 11, 2013 his 2005 Chevy Uplander was taken from the driveway of his home on Castle Drive in St. Louis, Missouri. He claimed he made a police report to a St. Louis County police officer and filed a claim with his insurance company. Plaintiff asserted that his insurance company first approved a rental car for his use, but after a day or so

they took back the rental car and demanded that he pay for its use. Plaintiff alleges that the police refused to get involved in the matter and stopped investigating the "disappearance" of his car. In the body of his amended complaint, plaintiff stated that on "2/20/2013 plaintiff contacted HSBC by certified U.S. Mail Requesting a notarized lien release, 7007 0710 0004 0039 0871 to declare additional proof of ownership."[2]

The Court found that although plaintiff had asserted that he was bringing his action pursuant to 42 U.S.C. § 1983 for a violation of his civil rights, he had failed to describe an act by a government official that had violated his rights. Although plaintiff claimed that his Chevy Uplander was unconstitutionally "taken" from his home, he did not actually accuse the State of Missouri, St. Louis County or Chris Koster of participating in the alleged taking.[2] Rather, he alleged that private actors, or persons related to his lien-holder or their assignees, were involved in the

---

[2]Attached to the amended complaint, and therefore part of the pleading pursuant to Fed.R.Civ.P. 10, was a copy of plaintiff's retail installment contact and security agreement, entered into with Auto Centers of St. Louis and assigned to HSBC Motor Credit. Also attached to the amended complaint was a copy of the Certificate of Title issued by the State of Missouri wherein the lienholder was listed as HSBC Motor Credit.

[2]The Court noted that plaintiff's conclusory allegations of the named defendants entering into a conspiracy with the private actors were insufficient to support a conspiracy or "due process" claim, however it was styled. See Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir.1996).

taking of his vehicle from his driveway. Accordingly, he did not state a constitutional claim under § 1983 against the named defendants.

The Court further noted that even if plaintiff had stated a claim for a "taking," or some other constitutional violation, the State of Missouri was absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989). Furthermore, any § 1983 allegations against the St. Louis County Police Department also failed, as police departments are not suable entities. Ketchum v. City of West Memphis, Ark.,974 F.2d 81, 82 (1992). Last, plaintiff's allegations against Chris Koster, Attorney General of the State of Missouri, sound in respondeat superior, and could not sustain a cause of action under § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).

In light of the aforementioned, plaintiff's amended complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Any remaining state law claims were dismissed pursuant to 28 U.S.C. § 1367(c).

## Plaintiff's Proposed Second Amended Complaint

Plaintiff's proposed second amended complaint again makes claims against defendants, the State of Missouri, St. Louis County (Police Department) and Chris Koster. Plaintiff asserts at the beginning of his second amended complaint that he is bringing his action for "the denial of federally secured rights of unlawful search and seizure."

The body of the second amended complaint makes similar allegations to those made in the first amended complaint. Plaintiff claims that an officer with the St. Louis County Police Department allowed an individual named Scott with the "United Auto for Standard Consumer USA" Company to repossess his Chevy Uplander from his driveway on March 11, 2013, without requiring Scott to have the proper "notice, judgment or order of the court."

Plaintiff states that he believes defendants, the State of Missouri and Chris Koster, "own, operates and manage," the St. Louis County Police Department," such that the police were allowed to violate his rights under the Constitution.

## Discussion

Rule 15 directs courts to grant leave to amend "freely ... when justice so requires." While Rule 15 envisions a liberal amendment policy, justice does not require the filing of a futile amendment. Stricker v. Union Planters Bank, N.A., 436 F.3d 875, 878 (8th Cir.2006). A proposed amendment is futile if it could not withstand a motion to dismiss for failure to state a claim. Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir.2010).

Plaintiff's allegations, as stated in his second amended complaint, would not withstand a motion to dismiss. To the extent that plaintiff's allegations for improper "search and seizure" are against St. Louis County, rather than St. Louis County Police Department, these allegations fail to state a claim. Plaintiff has failed to state that a policy or custom of the County is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). As a result, the complaint fails to state a claim upon which relief can be granted. Furthermore, as noted above, his claims cannot legally survive against the St. Louis County Police Department, as police departments are not suable entities. Ketchum, 974 F.2d at 82.

Moreover, plaintiff's allegations against the State of Missouri and Chris Koster sound in respondeat superior and cannot form the basis for relief under § 1983. Madewell, 909 F.2d at 1208; see also Martin, 780 F.2d at 1338; Boyd, 47

F.3d at 968. And, as plaintiff is aware, the State of Missouri is absolutely immune from liability under the statute. See Will, 491 U.S. at 63.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal request to amend his complaint [Doc. #12] is **DENIED**.

Dated this 3rd day of June, 2013.

                                          /s/ Rodney W. Sippel
                                          RODNEY W. SIPPEL
                                          UNITED STATES DISTRICT JUDGE